IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIO HERNANDEZ RODRIGUEZ,     )
                                )
          Plaintiff,            )
                                )
     vs.                        )  Civil Action No. 14-165-E
                                )
                                )
CAROLYN W. COLVIN, ACTING       )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
          Defendant.            )

O R D E R

AND NOW, this 1st day of June, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff asserts that the Administrative Law Judge ("ALJ") erred because the ALJ's residual functional capacity assessment ("RFC") is not supported by an opinion from a medical source, and because the ALJ improperly pits his opinion against the opinions of consultative examining psychologist Glenn Bailey, Ph. D., and non-examining state agency psychologist George Ondis, Ph. D. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination of Plaintiff's non-disability.

It should be noted that the arguments raised by Plaintiff are essentially based on his mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), and again in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), the Doak decision does not hold that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion. Instead, the Circuit Court in Doak held simply that nothing in that record supported the finding by the ALJ that the plaintiff could perform light work. Specifically, none of the three medical opinions in the record in that case contained any indication whatsoever from a physician that the plaintiff could perform light work. The Circuit Court never suggested, however, that a finding of ability to perform light work could only be made if one of the opinions had clearly stated that the claimant could perform such work, nor did it find that the differing opinions prevented the Court from making such a finding.

Moreover, the interpretation of Doak that Plaintiff advocates would contradict the well-established rule that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also 20 C.F.R. §§ 416.927(d)(2), 416.946(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). Such a reading of the decision would also overlook the fact that "[t]here is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." Titterington, 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings or if the RFC differs with the only medical opinion in the record. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. Further, this general understanding is confirmed by subsequent Third Circuit case law. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

2

Relying on his misunderstanding of Doak, Plaintiff first contends that the ALJ erred in formulating Plaintiff's RFC because it is not supported by an opinion from a medical source. The record, however, contains limited and inconsistent evidence concerning Plaintiff's mental functional limitations. The ALJ noted that Plaintiff had never been involved in the mental health system, nor had he ever sought or received any mental health treatment whatsoever. (R. 28). In fact, Plaintiff never mentioned any mental health concerns whatsoever to his primary care physician, Dr. E. Jason Grande, M.D., during his various appointments. (R. 27-28). Although Plaintiff now alleges mental health issues, he did not raise any such concerns with Dr. Grande, nor could he provide any explanation as to why he never sought any mental health treatment. (R. 27-28, 51). Moreover, in his records, Dr. Grande consistently found Plaintiff to be conscious, coherent, conversant, and appropriate. (R. 27).

On the other hand, after undergoing a one-time mental status and intellectual evaluation, Dr. Bailey assessed Plaintiff with mild-to-moderate mental retardation. (R. 228). Dr. Ondis, who did not examine Plaintiff at all, reviewed the evidence of record, including Dr. Bailey's report, and adopted that report in his own assessment. (R. 64-66). Ultimately, after a review of all the evidence presented, the ALJ determined that the severe mental functional limitations assessed by Dr. Bailey and Dr. Ondis were simply not supported by the other evidence of record. (R. 29). Regardless of the mixed nature of the evidence, however, the ALJ still included in Plaintiff's RFC several limitations stemming from mental impairments. Thus, rather than relying solely on his own medical judgment, the ALJ, as he was required to do, considered all of the evidence presented and made an appropriate RFC determination. As discussed supra, nothing in the statute, in the regulations, or in Doak requires the existence of an outside medical opinion for the ALJ to make the RFC determination that he made in this case. See Chandler, 667 F.3d at 362.

In a related argument, Plaintiff also contends that the ALJ improperly disregarded the opinions of the consultative examiner and the state agency reviewing physician in favor of his own medical judgment in this case. The Court notes at the outset that, unlike the facts of this case, Doak involved a situation where the ALJ rejected opinions from actual treating physicians. A treating physician is, as a matter of course, entitled to more deference under the law than a one-time examiner or one who merely reviews the record. Additionally, the opinion of the claimant's treating physician generally is to be afforded significant weight when assessing a claimant's application for benefits. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). The regulations further provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. Thus, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence," and not on the basis of the ALJ's own judgment or speculation—although he "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:    Counsel of record

---

Plummer, 186 F.3d at 429. Notably, there is no such rule that provides that an ALJ must give controlling weight to a consultative or reviewing physician's opinion.

      Therefore, Doak, which addressed the deference to be shown to a treating physician's opinion as to functional limitations, provides little guidance in this case, which involves opinions by a non-treating, one-time consultative examiner and a non-examining source. The Court finds that the ALJ thoroughly discussed the weight he afforded to, and his evaluation of, these opinions. Additionally, the Court notes that the ALJ fully discussed his consideration of the other evidence in the record—including Plaintiff's daily activities of living, his course of medical treatment, his explanation of his work history and the credibility of his testimony overall—and finds that substantial evidence supports the ALJ's ultimate determination. Upon review of the evidence in the record, the ALJ simply produced a different determination regarding the RFC than that urged by Plaintiff. Therefore, the ALJ did not, as Plaintiff alleges, rely "upon no referred-to opinion from a medical source" over the other opinions in the record, but instead made a proper finding based on all the available evidence.

      Regardless, as discussed supra, if an ALJ rejects a medical opinion—even that of a treating physician—the ALJ is not required to do so only in reliance on another medical opinion in the record. An opinion may be rejected on the basis of contradictory medical evidence, not just contrary opinions. Thus, if even a treating physician's opinion may be rejected on the basis of contrary non-opinion medical evidence, then a consulting or non-examining physician's opinion is certainly not controlling merely because there is no other medical opinion in the record on which the ALJ can rely. In actuality, the evidence on which an ALJ may rely can take a number of different forms. In the case at bar, the ALJ clearly and thoroughly discussed all the medical evidence in the record and explained the weight he was giving to the medical opinions. Accordingly, the Court finds that substantial evidence supports the ALJ's decision.